IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 7, 2004

## STATE OF TENNESSEE v. CARL McINTOSH

**Direct Appeal from the Circuit Court for Madison County**
**No. 02-290     Donald H. Allen, Judge**

---

**No. W2003-02359-CCA-R3-CD  - Filed March 30, 2005**

---

THOMAS T. WOODALL, J., concurring in part and dissenting in part.

I concur in all parts of the majority opinion except to that portion which holds that the felony sentence imposed in violation of *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004) is harmless error beyond a reasonable doubt.

The majority relies upon the decision of a panel of this Court in *State v. Chester Wayne Walters*, No. M2003-03019-CCA-R3-CD, 2004 WL 2726034 (Tenn. Crim. App., at Nashville, Nov. 30, 2004), *perm. to appeal denied* (Tenn. Mar. 21, 2005), for the conclusion that *Blakely* violations in Tennessee's sentencing scheme are subject to constitutional harmless error analysis.  In *Walters*, a panel of this Court relied upon two opinions of the United States Supreme Court in holding that *Blakely* issues are subject to constitutional harmless error analysis:

> We next consider whether harmless error applies to constitutional violations under *Blakely*.  Regarding constitutional harmless error analysis, the Supreme Court has stated that a trial court's findings of facts necessary to increase a defendant's sentence are essentially elements of a greater offense. [*Ring v. Arizona*, 536 U.S. 584, 609, 122 S. Ct. 2428, 2443 (2002)].  It has also held that a jury's failure to find an element of an offense is subject to harmless error review.  *Neder v. United States*, 527 U.S. 1, 8-14, 119 S. Ct. 1827, 1833-36, 144 L. Ed. 2d 35 (1999).  We therefore hold that any issues raised on appeal arising out of *Blakely* are subject to constitutional harmless error analysis.

Walter, 2004 WL 2726034, at *62.

*Ring* and *Neder* clearly state what is reflected in the *Walters* opinion.  However, what is not addressed by the Court in *Walters*, and the majority opinion in the case *sub judice*, is the fact that in *Neder* a jury was empowered and available to find the "omitted" element of the offense for which the defendant was on trial, but the trial court erroneously took that issue away from the jury.  In other words, there was the option, if the case was reversed and remanded for a new trial, that the jury

would be allowed to make a factual finding of the initially "omitted" element of the offense. It was with this backdrop that the United States Supreme Court found that the error was harmless beyond a reasonable doubt.

In *Neder*, "materiality" was the element of the fraud cases for which the defendant was tried, and which the trial court erroneously did not allow the jury to make a factual finding of its existence. The Court in *Neder* noted,

> [Defendant] underreported $5 million on his tax returns, and did not contest the element of materiality at trial. [Defendant] does not suggest that he would introduce any evidence bearing upon the issue of materiality if so allowed. Reversal without any consideration of the effect of the error upon the verdict would send the case back for retrial–a retrial not focused at all on the issue of materiality, but on contested issues on which the jury was properly instructed.

*Neder*, 527 U.S. at 15, 119 S. Ct. at 1836-37.

At the time of Defendant's trial in the case *sub judice*, there was no statutory provision for the jury to make the factual determination of the applicability of enhancement factors beyond a reasonable doubt. Only the trial court could make these factual determinations, and was only required to find them by a preponderance of the evidence. This procedure is in violation of *Blakely* as to all the statutory enhancement factors except prior convictions of a defendant (found beyond a reasonable doubt by the trial court).

Constitutional harmless error analysis may well apply to violations of *Blakely* in Tennessee's sentencing scheme, but I respectfully submit, only in the following manner: if the trial court's enhancement of a defendant's sentence can be justified alone by (a) the prior convictions and/or (b) any enhancement factor "admitted by" the defendant (whatever that terminology encompasses), then application of other enhancement factors *not* found by a jury would be harmless error beyond a reasonable doubt.

This is analogous to the situation where there is error in the application of aggravating circumstances in a capital case. *See Coleman v. State*, 3 S.W.3d 19, 22 (Tenn. Crim. App. 1998). In this situation, "[a] capital sentencing jury's consideration of an invalid aggravating circumstance may be considered harmless only if the appellate court concludes, beyond a reasonable doubt, 'that the sentence would have been the same had the sentencing authority given no weight to the invalid aggravating factor.'" *Id.* (citing *State v. Howell*, 868 S.W.2d [238, 260 (Tenn. 1993)]. In making this determination, the appellate court "should consider 'the number and strength of remaining valid aggravating circumstances, the prosecutor's argument at sentencing, the evidence admitted to establish the invalid aggravator, and the nature, quality and strength of mitigating evidence.'" *Coleman*, 3 S.W.3d at 22 (citing [*Howell*, 868 S.W.2d] at 261).

Applying the harmless error analysis in the manner done so by the court in *Walters*, and by the majority in the case *sub judice*, simply perpetuates the *Blakely* violation in Defendant's sentencing. No jury at the time of Defendant's trial, or at the time of the filing of this Court's opinion in his case, would have the statutory power to determine sentencing enhancement factors in compliance with *Blakely*. Defendant, and all those in a similar position, have a constitutional Sixth Amendment right for a jury to determine the existence of all of Tennessee's enhancement factors for felonies, except prior convictions. However, under the majority's decision, there is in effect no remedy for when this right has been denied. The crux of the decision in *Blakely* was *not* the strength of the evidence regarding a sentencing enhancement factor – it was the Sixth Amendment right of the defendant in a criminal case to have a jury determine the existence of the enhancement factor beyond a reasonable doubt rather than by a preponderance of the evidence by the trial court. To apply harmless error analysis such that an appellate court holds that a hypothetical and non-existent jury would obviously apply an enhancement factor based upon the strength of the proof renders *Blakely* meaningless.

To me, a *Blakely* or other similar constitutional error is harmless beyond a reasonable doubt when the appellate court concludes that if the case is remanded for a new hearing, the result would be same beyond a reasonable doubt. This, of course, is dependent upon the new hearing *being in compliance* with the constitutional rule previously violated. Thus, where a jury bases a penalty verdict of death upon finding multiple "aggravating circumstances," and one aggravating circumstance is found to be in violation of a constitutional right, there is harmless error if the appellate court concludes beyond a reasonable doubt that the result would be the *same* after a new sentencing hearing *without* the constitutionally infirm aggravating circumstance being found by the jury. *See Coleman*, 3 S.W.3d at 22.

As long as Tennessee's sentencing scheme has presumptive sentences for felonies, which can be increased only by a trial court finding by a preponderance of the evidence the applicability of one or more of the statutory enhancing factors, any enhancing factor, which is *not* a prior conviction or a factor "admitted to" by a defendant, used to increase a felony sentence beyond the presumptive sentence violates *Blakely*. Until there is a change in the sentencing scheme, no new hearing after remand can comply with *Blakely* in such situations. If a jury is not statutorily permitted to determine the existence of an enhancing factor, how can we as appellate judges logically conclude that a jury which *could not* find an enhancing factor *would* have done so beyond a reasonable doubt?

In the case *sub judice*, the trial court imposed the maximum sentence of twelve years based upon the existence of three enhancement factors, two of which were found in violation of *Blakely*. As noted in the majority opinion, the trial court placed "great weight" on one of the enhancement factors which violates *Blakely*, that Defendant was on parole at the time of the offense. *See* Tenn. Code Ann. § 40-35-114(14)(B). Erroneous application of two enhancement factors in this case does not constitute harmless error beyond a reasonable doubt as to the sentence imposed. I would therefore modify the felony sentence from twelve to ten years.

_____
THOMAS T. WOODALL, JUDGE